IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILDRED V. BIBBS | : | CIVIL ACTION |
| | : | NO. 10-0346 |
| v. | : | |
| | : | |
| SECURITY ATLANTIC | : | |
| MORTGAGE CO., INC.; DIAMOND | : | |
| INDUSTRIES, INC.; AND BAC HOME | : | |
| LOAN SERVICING, L.P. | : | |

O'NEILL, J.                                                                                  August 1, 2012

## MEMORANDUM

On May 24, 2012, plaintiff Mildred V. Bibbs filed motions for default judgment against defendants Meritfinance.com, Diamond Industries, Inc. and JRS Settlement Services, Inc. For the reasons that follow, I will grant plaintiff's motions.

**BACKGROUND**

Plaintiff sought to hire someone to complete repairs to her home at 315 W. Hansberry Street in Philadelphia, Pennsylvania. She engaged the services of Diamond Industries after seeing an advertisement for its operation in a newspaper. Unfortunately, plaintiff's interactions with Diamond Industries, MeritFinance, JRS Settlement, and the other defendants in this action did not result in the desired repairs to her home. Instead, plaintiff, who was 73 years old at the time that this action was filed and who had lived in her home for more than 40 years, now finds herself effectively homeless. The repairs that plaintiff hired Diamond Industries to complete were so substandard that they forced plaintiff to abandon her home. She claims that she has not been in her home since October 2008 and now, without a room to call her own, spends her nights on a pull-out couch at her daughter's house, far from the neighborhood where friends would

come to visit her on her front porch and where she worked and later volunteered at the school that was across the street from her home.

Plaintiff owned her home free and clear of any mortgage prior to her interactions with defendants. She believed that defendants would assist her in obtaining an unsecured loan to finance the costs of her desired home repairs. Instead, after her dealings with defendants, she was left with a first lien mortgage on her home. That mortgage is now subject to foreclosure proceedings. BAC Home Loans v. Bibbs, No. 090501447 (Ct. Comm. Pls. Phila. Cty.).

Seeking to restore what she has lost, plaintiff's amended complaint, Dkt. No. 24, asserts claims against Diamond Industries, MeritFinance and JRS Settlement for fraud (Count IV), civil conspiracy (Count VI), concerted tortious conduct (Count VII) and violation of the Unfair Trade Practices and Consumer Protection Law (Count V), 73 P.S. §201-9.2(a). Plaintiff also asserts a claim against Diamond Industries for Breach of Contract (Count III). She effectuated service of a summons and the amended complaint on MeritFinance on May 25, 2010, Dkt. No. 37, and on JRS Settlement on June 1, 2010, Dkt. No. 36. To date, neither MeritFinance nor JRS Settlement has answered the complaint.

On May 17, 2010, Diamond Industries, through its counsel Sherman, Silverstein, Kohl, Rose & Podolsky, filed an answer to plaintiff's amended complaint. On April 25, 2011, I referred this matter for a settlement conference before Magistrate Judge L. Felipe Restrepo. On May 10, 2011, Sherman Silverstein filed a motion for leave of court to withdraw its appearance as counsel for Diamond Industries "because it ha[d] been discharged by its client in this matter." Dkt. No. 48. The motion to withdraw claimed that "Diamond Industries[ ] has ceased doing business and does not wish Sherman Silverstein to defend this action." Id. On May 23, 2011,

Judge Restrepo ordered the settlement conference to be held on July 19, 2011.  Neither Sherman Silverstein nor any representative of Diamond Industries attended the July 19 settlement conference and no representative of Diamond Industries communicated with the Court or counsel for plaintiff regarding its absence.

On July 20, 2011, I ordered a scheduling conference for July 27, 2011.  No attorney from Sherman Silverstein attended the scheduling conference and I granted its motion to withdraw.  Dkt. No. 54.  No other representative of Diamond Industries attended the scheduling conference or communicated with the Court or counsel for plaintiff regarding its absence.  Counsel for plaintiff represents that since the scheduling conference, plaintiff has served Diamond Industries with multiple discovery requests at all known addresses connected to Diamond Industries and Diamond Industries has not responded to any of the discovery requests.

A hearing was held on plaintiff's motions for default judgment on July 24, 2012.  JRS Settlement, MeritFinance and Diamond Industries were notified of the hearing but did not appear.  Plaintiff testified as to her damages at the hearing.

## DISCUSSION

### I.    Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides that a default may be entered when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  Fed. R. Civ. P. 55(a).  In deciding whether to enter default judgment, the Court should consider: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct."  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

Because a party is "'not entitled to a default judgment as of right,'" the court must use "'sound judicial discretion'" in weighing whether or not to enter a default judgment. Prudential-LMI Commercial Ins. Co. v. Windmere Corp., No. 94-0197, 1995 WL 422794, at *1 (E.D. Pa. July 14, 1995), quoting 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983). "Generally, the entry of a default judgment is disfavored because it has the effect of preventing a case from being decided on the merits." E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 604 (E.D. Pa. 2009).

  A. **JRS Settlement Services, Inc. and MeritFinance.com**

Plaintiff will suffer prejudice if the Court denies her motions for default judgment against JRS Settlement and MeritFinance because she will have no other way to vindicate her claims against them. I interpret the lack of any response from JRS Settlement or MeritFinance to mean that they have no litigable defense to plaintiff's claims against them. See, e.g., Carpenters Health & Welfare Fund of Phila. v. NDK Gen. Contractors, Inc., No. 06–3283, 2007 WL 1018227, at *1 (E.D. Pa. Mar. 29, 2007) (presuming defendant had no litigable defense where it had not filed a responsive pleading). Similarly, I conclude that defendants' failures to respond to the first amended complaint are due to culpable conduct, as the docket indicates they were properly served. See, e.g., York Int'l Corp. v. York HVAC Sys. Corp., No. 09–3546, 2010 WL 1492851, at *3 (D.N.J. Apr. 14, 2010) ("Defendant[s'] delay is the result of their culpable conduct because they have neither responded to the Complaint nor to this motion.") Therefore, entry of a default judgment is appropriate with respect to JRS Settlement and MeritFinance.

  B. **Diamond Industries**

Although Diamond Industries answered plaintiff's complaint, its failure to participate in

this action in any meaningful way since the withdrawal of Sherman Silverstein's appearance renders appropriate an entry of default as against it.  The Court of Appeals has held that the "or otherwise defend" clause in Rule 55(a) is "broader than the mere failure to plead."  <u>Hoxworth v. Blinder, Robinson & Co., Inc.</u>, 980 F.2d 912, 917 (3d Cir. 1992).  A default judgment may be imposed because a party has failed to comply with a court's orders, file a pretrial memorandum or respond to discovery requests.  <u>Id.</u> at 918.  Diamond Industries has not proffered a meritorious defense to plaintiff's claims against it.  Plaintiff has suffered by Diamond Industries' failure to respond and will continue to suffer prejudice if a default judgment is not entered.  Diamond Industries is culpable with respect to its failure to appear in compliance with the Court's prior orders and with respect to its failure to respond to plaintiff's discovery requests.  Therefore, entry of a default judgment is appropriate with respect to Diamond Industries.

**III.   Damages**

Once a default judgment has been entered, the well-pleaded, factual allegations of the complaint, except those relating to the damage amount, are accepted as true and treated as though they were established by proof.  <u>See</u> <u>Coastal Mart, Inc. v. Johnson Auto Repair, Inc.</u>, No. 99-3606, 2001 WL 253873, at *2 (E.D. Pa. Mar. 14, 2001).  The undisputed allegations in the plaintiff's first amended complaint, taken as true, are sufficient to support her claims against JRS Settlement, MeritFinance and Diamond Industries, for fraud (Count IV), civil conspiracy (Count VI), concerted tortious conduct (Count VII) and violation of the UTPCPL (Count V), 73 P.S. §201-9.2(a).  They are also sufficient to support her claim against Diamond Industries for Breach of Contract (Count III).  Accordingly, I consider the amount of damages to which plaintiff is entitled for her claims.  <u>See</u> Fed. R. Civ. P. 55(b)(2).

In determining an appropriate award of damages, the Court may conduct a hearing or receive detailed affidavits from the plaintiff.  Durant v. Husband, 28 F.3d 12, 15 (3d Cir. 1994) (stating that, if necessary, the court may hold a hearing to assess damages).  Plaintiff testified as to her damages at the hearing on July 24.  Her testimony was unopposed.  After considering plaintiff's testimony, the argument of her counsel and plaintiff's motions for default judgment, I find that plaintiff is entitled to damages as follows.

### A.     Treble Damages Under the UTPCPL

For violations of the UTCPL, a "court may, in its discretion, award up to three times the actual damages sustained" along with "such additional relief as it deems necessary or proper." 73 Pa. Stat. Ann. § 201-9.2(a).  As a result of the defaulting defendants' conduct, plaintiff has effectively lost her home.  Plaintiff seeks damages in the amount of $525,000, treble the lost value of the home.[1]

The defaulting defendants offered no evidence to suggest that their conduct was not deceptive to rebut their liability under the UTPCPL.  Nor did they present any evidence to suggest that it would be inequitable to award treble damages.  Accordingly, I find that plaintiff is entitled to $525,000 for the defaulting defendants' violations of the UTPCPL.

### B.     Emotional Distress Damages

"[P]laintiffs who allege an intentional tort may obtain damages for emotional distress even if they have not suffered physical injury." Mest v. Cabot Corp., 449 F.3d 502, 519 (3d Cir. 2006), citing Papieves v. Lawrence, 263 A.2d 118, 121-22 (Pa. 1970); Hackett v. United

---

[1]     At the hearing, plaintiff provided the Court with a copy of a Uniform Residential Loan application prepared by MeritFinance that stated that her home's present market value is $175,000.  I accepted the document as evidence of the value of her home.

Airlines, 528 A.2d 971, 974 (Pa. Super. Ct. 1987). Emotional distress damages are thus available to plaintiff pursuant to her claims for fraud (Count IV), civil conspiracy (Count VI) and concerted tortious conduct (Count VII).[2] See, e.g., Bobin v. Sammarco, No. 94-5115, 1995 WL 303632, at *3 (E.D. Pa. May 18, 1995) (allowing emotional distress damages for fraud under Pennsylvania law).

Plaintiff's testimony that she has had to leave behind her home, her community and her friends as a result of her dealings with the defaulting defendants clearly supports her claim for emotional distress. Based on her unchallenged testimony, this Court will award $250,000 in pain and suffering damages for the distress caused by the defaulting defendants' unlawful actions.

### C. Punitive Damages

"While compensatory damages are aimed at making a plaintiff whole for the specific loss suffered, punitive damages 'serve a broader function; they are aimed at deterrence and retribution.'" Denofio v. Soto, No. 00-5866, 2003 WL 21488668, at *2 (E.D. Pa. June 24, 2003), quoting State Farm Mut. Auto Ins. Co. v. Campbell, 123 S. Ct. 1513, 1519 (2003). Pennsylvania has adopted Section 908(2) of the Restatement (Second) of Torts, which permits punitive damages for conduct that is "outrageous because of the defendant's evil motives or his reckless indifference to the rights of others." Rizzo v. Haines, 555 A.2d 58, 69 (Pa. 1989) (citations omitted). Punitive damages are available to plaintiff in this action under Counts IV (Fraud), VI (Conspiracy) and VII (Concerted Tortious Conduct).[3]

---

[2] Damages for emotional distress are not recoverable under the UTPCPL. See Krisa v. Equitable Life Assurance Soc'y, 113 F. Supp. 2d 694, 706–07 (M.D. Pa. 2000).

[3] "The Pennsylvania Supreme Court has not . . . determined whether punitive damages are permitted under the UTPCPL as 'additional' relief.'" Yakubov v. Geico Gen. Ins.

I find that the conduct of the defaulting defendants was outrageous and conclude that an award of $250,000 in punitive damages is appropriate as against the defaulting defendants.

## IV. Attorney's Fees

Reasonable attorney's fees and costs may be awarded in this action under the UTPCPL. 73 P.S. § 201-9.2(a) ("The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees."). A review of the fee application shows that plaintiff's request for fees is reasonable. Plaintiff's counsel billed at the market rate and his hours spent are clearly set forth. Absent any objections by the adverse parties, I award plaintiff's attorney $32,760 for fees.

An appropriate Order follows.

---

Co., No. 11-3082, 2011 WL 5075080, at *4 (E.D. Pa. Oct. 24, 2011). Further, punitive damages are not ordinarily recoverable in an action for breach of contract. See Thorsen v. Iron and Glass Bank, 476 A.2d 928, 932 (Pa. Super. Ct. 1984) ("punitive damages are not recoverable in an action for breach of contract"). Because I find that punitive damages are available in this action for plaintiff's claims for fraud, conspiracy and concerted tortious conduct, I will not decide whether punitive damages are available to plaintiff under the UTPCPL.